```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TORMU E. PRALL,                  :
                                 :   Civil Action No. 08-6050 (FLW)
            Petitioner,          :
                                 :
      v.                         :   **OPINION**
                                 :
CHARLES ELLIS, WARDEN OF         :
MCCC,                            :
                                 :
            Respondent.          :

**APPEARANCES:**

    **TORMU E. PRALL**, Petitioner pro se
    #531669
    Mercer County Correction Center
    P.O. Box 8068
    Trenton, New Jersey 08650

**WOLFSON**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Tormu E. Prall ("Prall"), on or about December 11, 2008. Petitioner submitted an incomplete application to proceed in forma pauperis, which does not include a certification from an authorized official at Mercer County Correction Center ("MCCC") regarding petitioner's account balance. See Local Civil Rule 81.2(b). However, for the reasons stated below, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies, and the action will be closed without assessing any fees or costs.

I.   BACKGROUND

According to the allegations contained in the petition, Prall is a state prisoner, currently confined at the MCCC in Trenton, New Jersey, challenging a finding of guilt entered in absentia by the Superior Court of New Jersey, Law Division, Mercer County, in November 2007.  Prall was found guilty of pirated audiovisual works and unstamped cigarettes.  It is not clear from the petition whether a judgment of conviction has been entered, or whether Prall has been sentenced for this New Jersey state court conviction.

Prall admits that he has not filed a direct appeal from his conviction.  He states that his trial counsel did not consult with any appellate counsel, nor did he attempt to file an appeal on Prall's behalf.  Prall also contends that since he has not been sentenced, he cannot file an appeal.

Prall also provides a colorful explanation for his absence at trial, excuses for his admittedly "irrational and bizarre behavior," and how all of these factors raise doubt as to his competence to stand trial.  He seems to use these arguments to support his failure to exhaust state court remedies.  Specifically, he asserts a mistrust of the state court judges, prosecutors, and his own trial counsel, and claims prejudicial pretrial publicity.

Consequently, Prall brings this habeas petition under 28 U.S.C. § 2254, challenging his state court conviction.

## II. ANALYSIS

### A. Pro Se Pleading

Prall brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Prall has failed to exhaust his state court remedies with respect to the challenged state court conviction of November 2007. Prall candidly admits that he did not pursue a direct appeal because he believes that an appeal cannot be filed until he is actually sentenced. He also contends that his trial counsel was

ineffective for not bringing an appeal on his behalf, and not challenging the conviction entered in Prall's absence from the court.[2]  He offers no legal support for his belief that the state courts would not consider an appeal; nor does he provide any legal basis to excuse his failure to exhaust state court remedies.

As a matter of comity then, it is best left to the New Jersey courts to determine Prall's unexhausted claims on direct appeal, or on other post-conviction review.  There is simply no basis for this Court to interfere with the normal state court process of direct or collateral appellate review, especially where petitioner has not demonstrated any serious or unlawful delay or impediment in the state court review process, other than his own flight from trial and the resulting consequences of his absconding from custody.  Nor has petitioner alleged any federal constitutional deprivation in his state court appeal process that would support federal court intervention in the pending state court procedures at issue, because his failure to appeal was through his own fault.  Therefore, based on the allegations represented by Prall in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and

---

[2] It appears that Prall had fled while trial was pending because he beleived that he would not receive a fair trial due to court and prosecutorial bias and damaging pretrial publicity.

that such claims should first stand state court review before filing for federal habeas relief.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Prall has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                          s/Freda L. Wolfson  
                          FREDA L. WOLFSON  
                          United States District Judge

DATED: May 5, 2009