**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 08-6050 (FLW) |
| Petitioner, | : | |
| v. | : | |
| CHARLES ELLIS, WARDEN, | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 09-2603 (FLW) |
| Petitioner, | : | |
| v. | : | |
| EAST WINDSOR MUNICIPAL COURT, | : | |
| Respondent. | : | |

| | | |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 09-2608 (FLW) |
| Petitioner, | : | |
| v. | : | |
| ASSIGNMENT JUDGE, | : | |
| Respondent. | : | |

```
                                      :
TORMU E. PRALL,                       :        Civil No.: 09-3088 (FLW)
                                      :
              Petitioner,             :
                                      :
         v.                           :
                                      :
BUCKS COUNTY COURTHOUSE,              :
                                      :
              Respondent.             :
                                      :
```

_____

**MEMORANDUM OPINION**
_____

**APPEARANCES:**

> TORMU E. PRALL, Petitioner Pro Se
> #700294B/650739
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625

**WOLFSON**, District Judge

THIS MATTER comes before the Court on two applications submitted by Petitioner, Tormu E. Prall, in each of the above-listed habeas matters, which have been closed since 2009.  On or about May 25, 2012, Petitioner filed a "Motion to Take Judicial Notice" in each of the above matters.  (Docket entry nos. 13, 8, 8 and 11, respectively).  On or about September 14, 2012, Petitioner submitted a second application entitled "Motion for Fed.R.Evid. 201 Relief," in each of the above cases.  (Docket entry nos. 14, 9, 9 and 12, respectively).  Petitioner's

submissions to the Court are considered pursuant to Fed.R.Civ.P.
78.

## DISCUSSION

In the first submission filed on May 25, 2012, Petitioner
asks the Court to note that, on May 8, 2012, he had commenced an
action against the United States Court of Appeals for the Third
Circuit, "the Judicial Council, and Circuit Judges Marjorie O.
Rendell, Thomas M. Hardiman, and Jane E. Roth in the Eastern
District of Pennsylvania."  (Motion at ¶ 1).  Petitioner further
states that in that action, he "seeks relief against the
defendants for preempting his religious goals" and to be relieved
from the court rulings made in other actions in the United States
District Court for the District of New Jersey.  (Motion at ¶¶ 2-
3).  Petitioner also asks the Court to note that he intends to
commence an action in the District of Columbia pursuant to 42
U.S.C. § 2000bb, "against the President and senate for the
nomination and confirmation of shady, untoward, marginally,
and/or wholly, unqualified judges, who burden religion."  (Id. at
¶ 4).  Petitioner opines that such action, if unsuccessful, will
allow "scholars and observers who use LexisNexis and Westlaw ...
to see that the federal judiciary is overloaded with bias,
intolerance, cowardice, impatience, [and] unethical and sadistic
judges."  (Id. at ¶ 5).

Next, in the application submitted on September 14, 2012, Petitioner asks the Court to take judicial notice, under Fed.R.Evid. 201, of the complaint he filed in "Prall v. Court of Appeals, Civ.A.No. 12-2813 (E.D.Pa.), the second amended complaint in Prall v. Bocchini, Civ.A.No. 10-1228 (D.N.J.), the complaint in Prall v. Judicial Conference, Civ.A.No. (D.D.C.), and the August 13, 2011 inmate remedy form attached reveal the presence of malice and intention to suppress Prall for remedying violation of his constitutional and statutory rights." (Motion at ¶ 1).

First, the Court finds that each of Petitioner's applications, though styled in terms of a motion, does not appear to seek relief pursuant to either the Federal Rules of Civil Procedure or the Local Civil Rules. Rather, these motions purport to seek evidentiary relief in the form of judicial notice, as contemplated under Fed.R.Civ.P. 201. Rule 201 governs the judicial notice of adjudicative facts that are not subject to reasonable dispute, that may be taken by the court on its own or by motion of a party at any stage of the proceeding. Fed.R.Evid. 201(a)-(d). However, as all of these actions have been adjudicated, dismissed and closed for several years, the purported evidentiary relief sought by Petitioner is therefore purposeless and moot. Moreover, much of the language contained in Petitioner's applications is in the form of opinion with

respect to his disagreement with prior court rulings and judicial character, and therefore, are not facts reasonably susceptible for judicial notice.  Accordingly, Petitioner's submissions are wholly without merit.

The Court further notes that Petitioner's submissions, even if construed as motions, fail to conform with the Local Civil Rules.  See, e.g., L.Civ.R. 7.1(d), (e).

The Court thus, for good cause appearing, hereby notifies Petitioner that no action will be taken upon his May 25, 2012 and September 14, 2012 submissions in the above-captioned matters. The Clerk of the Court will terminate the calendar events associated with those filings accordingly, in each action listed above, and the matters shall remain closed.  An appropriate Order follows.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: December 3, 2012